IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:90-CR-97 (RDA) |
| ) | |
| DAVID O. SANCHEZ, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant David O. Sanchez's Motion to Reduce. Dkt. 14. This Court has dispensed with oral argument as it would not aid in the decisional process. This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the government's Opposition (Dkt. 19), this Court DENIES the Motion for the reasons that follow.

I.

In February 1989, Defendant and his codefendant abducted D.P. in Washington, D.C. by forcing her into a car at gunpoint, blindfolding her, and transporting her against her will to the Eastern District of Virginia, where the codefendants each raped her. *See* PSR ¶ 4. The codefendants rifled through D.P.'s belongings for property to steal and, when they released D.P., the codefendants threatened to kill her if she looked back at them. *See id.*

Nine days after the abduction and rape of D.P., Defendant and his codefendant abducted D.R. from Washington, D.C., forcing her into a car at gunpoint and transporting her to the Eastern District of Virginia. *See* PSR ¶ 6. The codefendants beat D.R., stole D.R.'s belongings, and raped her. *See id.* When they released D.R., the codefendants threatened to killer her if she looked back at them. *See id.*

One month later, Defendant and his codefendant abducted a third woman, D.B., forcing her vehicle off the road in Paris, Virginia and then forcing D.B. into their car at gunpoint. *See* PSR ¶ 8. The codefendants stole D.B.'s belongings and raped her. *See id.*

Defendant was found guilty by a jury trial of three counts: (i) conspiracy to kidnap, in violation of 18 U.S.C. § 371 (Count I); and (ii) kidnapping, in violation of 18 U.S.C. § 1201 (Counts II and III). On August 10, 1990, former U.S. District Judge James C. Cacheris sentenced Defendant to 480 months of imprisonment to be followed by four years of supervised release. On May 6, 1991, the Fourth Circuit affirmed Defendant's convictions. *See United States v. Sanchez*, 932 F.2d 964 (Table) (4th Cir. 1991).

On March 1, 2024, Defendant filed the pending motion for compassionate release. Dkt. 14.[1] On March 29, 2024, the government filed its opposition. Dkt. 19.

II.     Guideline Amendments

Defendant first contends that he is eligible for a sentence reduction on the basis of the November 2023 retroactive amendments to the sentencing guidelines. Dkt. 14. The government correctly asserts that Defendant is ineligible because he used violence and credible threats of violence in connection with his offense.

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. U.S.S.G. amend. 821. As relevant here, Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease for certain defendants who have zero criminal-history points. U.S.S.G. amend. 821 pt. B. A defendant is not

---

[1] Because of how the Motion was uploaded to CM/ECF, the page numbers on the document and CM/ECF numbers do not align. Because CM/ECF ascribed page numbers to some blank pages, the Court will refer to the page numbers placed by Defendant at the bottom of the Motion itself.

eligible for this reduction if (1) he received a terrorism adjustment under U.S.S.G. § 3A1.4; (2) he used violence or credible threats of violence in connection with his offense; (3) the offense resulted in death or serious bodily injury; (4) the offense was a sex offense; (5) he personally caused substantial financial hardship; (6) he possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon in connection with the offense; (7) the offense was an offense involving individual rights covered by U.S.S.G. 2H1.1; (8) he received a hate-crime-motivation or vulnerable-victim adjustment, U.S.S.G. § 3A1.1; (9) he was convicted of a serious-human-rights offense, U.S.S.G. § 3A1.5; (10) he received an aggravating-role adjustment, U.S.S.G. § 3B1.1; or (11) he was engaged in a continuing criminal enterprise as defined in 18 U.S.C. § 848. *Id.*

As this Court held with respect to Defendant's codefendant, Defendant is disqualified from eligibility of a sentence reduction under the guideline amendments. Dkt. 23. Defendant is disqualified because: (i) he used violence and credible threats of additional violence; (ii) the offense resulted in serious bodily injury; (iii) the instant offense was a sex offense; and (iv) the offense involved the use of a firearm. Because Defendant is ineligible for a reduction under the guideline amendments, the Court will deny the Motion in this regard.

### III. Compassionate Release

Where a motion for compassionate release is made by the defendant, 18 U.S.C. § 3582(c)(1)(A) requires that such motion may only be made "after the defendant has fully exhausted all administrative rights to appeal" or "the lapse of 30 days from receipt of such request by the warden of defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The legal standard for evaluating motions for compassionate release is well settled. Simply put, a defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling reasons" warranting a sentence reduction and (2) that analysis of the § 3553(a) factors counsels

that a sentence reduction is appropriate as a matter of judicial discretion. 18 U.S.C. § 3582(c)(1)(A); see also *United States v. Sprague*, 838 F. App'x 775, 775–76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

### A. Exhaustion

Exhaustion of administrative remedies is a prerequisite to filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant asserts that he filed a request for compassionate release through the Bureau of Prisons (the "BOP") and that more than thirty days has elapsed since the Warden received such request. Dkt. 14 at 3. Defendant further asserts that his request is available as "Exhibit 1," but no such exhibit is attached to his Motion. *See* Dkt. 14. On the other hand, the government asserts that the BOP has "no record of any requests for compassionate release from the defendant." Dkt. 19 at 3.

The exhaustion requirement is a non-jurisdictional claim-processing rule that may be waived or forfeited by the government. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). When the government raises the issue of exhaustion, the burden shifts to the defendant to show that he has exhausted his administrative remedies with the BOP. *United States v. Huitt*, 2021 WL 2226486, at *1 (W.D.N.C. June 2, 2021). Here, Defendant has not met that burden. Even though Defendant asserts that he has exhausted, he neither provides the dates on which he allegedly exhausted nor attaches the exhibit which he contends supports his exhaustion argument. *See United States v. Bailey*, 2024 WL 1721081, at *5 (D. Md. Apr. 22, 2024) (holding that defendant failed to establish exhaustion based on the "absence of evidence" that the defendant submitted an administrative request). Accordingly, because Defendant has failed to establish that he has exhausted his request, the Motion must be denied as premature. Nonetheless, the Court will address the remaining elements out of an abundance of caution.

B.      Extraordinary and Compelling

Defendant argues that he has established extraordinary and compelling circumstances based on: (i) his rehabilitation; (ii) prison conditions during the pandemic; (iii) his age; (iv) the fact that he has served 75% of his sentence and the fact that his sentence was "unusually long"; and (v) his deportation status. Dkt. 14 at 1. As the government correctly argues, none of these factors taken individually or collectively are extraordinary or compelling.

Defendant first argues that his rehabilitation is extraordinary. He asserts that he has enrolled in classes, maintained employment, and strived towards self-improvement. Dkt. 14 at 6. As Defendant notes, however, "rehabilitation alone is not a ground for release or a sentence reduction." 28 U.S.C. § 994(t). Moreover, as the Court notes, Defendant's time in incarceration has not been without incident. Dkt. 21-1 at 4 (indicating several disciplinary infractions, including one as recently as September 2023). Thus, this Court will consider Defendant's rehabilitation with respect to the 18 U.S.C. § 3553(a) factors.

Defendant next relies on the fact that he was incarcerated during the COVID-19 pandemic. Although the Court acknowledges that prison conditions changed during the pandemic, this does not render Defendant's experience extraordinary or compelling, especially given that nearly every person incarcerated in the BOP had a similar experience.[2] Furthermore, district courts in this Circuit have held that pandemic-related restrictions "do not on their own establish an extraordinary and compelling reason for compassionate release." *United States v. Brewster*, 2023 WL 2656564 at *3 (W.D.N.C. Mar. 27, 2023). Moreover, to the extent that Defendant argues that such

---

[2] The government addresses this argument as if Defendant was asserting that fear of contracting COVID-19 was the basis for compassionate release. Dkt. 19 at 11. As discussed above, the Court does not view Defendant as making such an argument. To the extent Defendant has made such an argument, however, the Court agrees with the government that fear of COVID-19 is neither extraordinary nor compelling. *Id.* (citing *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.")).

5

conditions were more punitive, Defendant is incorrect. The lockdown conditions imposed during the pandemic were enacted not for any punitive purpose, but to protect prison inmates and staff.

Defendant next relies on his age, the length of his sentence, and the fact that he has already served a significant portion of his sentence as the basis for extraordinary and compelling circumstances. They are not. Defendant is 67 and argues that persons over age 40 have a lower rate of recidivism and are more likely to have significant health problems. Dkt. 14 at 8. But Defendant does not assert that *he* has any significant health problems and the medical records provided by the government establish that Defendant has some lingering knee pain due to an injury, controlled hypertension, and a high BMI. Dkt. 21-1 at 33. Moreover, although Defendant argues that his sentence is unusually long compared to sentences imposed today, Defendant provides no citation for this argument. A review of the data collected by the United States Sentencing Commission reveals that, in 2023, in the Fourth Circuit, 22.2 percent of the sentences for kidnapping were in the same range as Defendant's sentence, that is 30 years to life. *See* United States Sentencing Commission, *Interactive Data Analyzer*, available at https://ida.ussc.gov/analytics/saw.dll?Dashboard (last visited December 30, 2024, inputting criteria for kidnapping, in 2023, in the Fourth Circuit). Indeed, the average sentence for kidnapping in the Fourth Circuit was 169 months. *Id.* Here, Defendant had essentially three kidnapping convictions with three separate victims which also involved sexual assault aspect of those kidnappings. Thus, Defendant's sentence of 480 months falls well within the average of a person who received sentences for three kidnappings (507 months). Defendant has therefore failed to establish that his sentence is unusual in any sense, and, in the individual circumstances of this case, the Court does not find his circumstances unusual.

Finally, Defendant argues that his pending deportation status is a basis for compassionate release. Defendant is a citizen of El Salvador. Dkt. 21 at 2. But district judges in this District

6

have recognized that, where a Defendant will be brought into ICE custody upon release, any potential release from a reduction in the defendant's sentence is futile rather than compassionate. *See United States v. Sydykov*, No. 18-cr-212, Order at 3 (Dkt. 103), (E.D. Va. Aug. 21, 2020); *United States v. Saravia*, 2024 WL 4845972, at *3 (E.D. Va. Nov. 20, 2024) (same).

In short, Defendant has failed to establish that any of the facts on which he relies taken separately or collectively establish extraordinary and compelling circumstances. Thus, his Motion will be denied.

### C. Section 3553(a) Factors

Even assuming *arguendo* that Defendant has properly exhausted his administrative remedies and established extraordinary and compelling circumstances, that does not end the analysis. Defendant must also establish that the § 3553(a) factors support a sentence reduction; here, they do not.

Defendant committed horrific crimes, involving kidnapping, sexual assault, and firearms. The victim impact letters included with the PSR reveal the terrible and lasting harm that Defendant visited upon his victims. Dkt. 21 at 14-20. Nor can Defendant's actions be explained or excused as the impulsive decisions of youth, since Defendant was 34 years old at the time of sentencing. Moreover, absent from his Motion is any acknowledgment of the harm that he has done or any remorse for his actions. Indeed, Defendant instead argues that "[t]he seriousness of Defendant's offense and crime are wholly outweighed by his age, and time already spent in custody." Dkt. 14 at 11. At the time of sentencing, the PSR indicates that "the defendant has not clearly demonstrated acceptance of responsibility" and, given the contents of the Motion, the Court cannot say that Defendant now acknowledges and recognizes the magnitude of the crimes that he committed. Dkt. 21 ¶ 17. Although it is to Defendant's credit that he has engaged with the BOP programs available to him, those programs serve mostly to benefit Defendant and to provide him with skills that he

needs. Moreover, the Court notes that Defendant's term of incarceration has not been without incident, including a disciplinary infraction as recently as September 2023. Given the specific circumstances here, reducing Defendant's sentence would not be just punishment, reflect the seriousness of the offense, or promote respect for the law. The sentence that Defendant received was within the guidelines at the time and is consistent with the average sentence within the Fourth Circuit today for someone who commits three kidnappings. Accordingly, the § 3553(a) factors do not support a sentence reduction.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion to Reduce Sentence (Dkt. 14) is DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk of the Court is directed to forward a copy of this Memorandum Opinion and Order to Defendant at his last address of record and to the government.

It is SO ORDERED.

Alexandria, Virginia
January 8, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge